UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>SAM BOYD,<br><br>Defendant. | 5:22-CR-50020-KES-01<br><br>ORDER |

Defendant, Sam Boyd, moves to dismiss the indictment in this matter, alleging he was deprived of his right to a speedy trial. Docket 163. The United States opposes the motion. Docket 169.

**FACTUAL BACKGROUND**

On January 26, 2022, the Government filed a complaint against Boyd. Docket 1. Boyd made an initial appearance on the complaint February 2, 2022. Docket 6. Following Boyd's initial appearance, the court issued a scheduling and case management order, and set a trial date of April 12, 2022. *Id.* The Government filed an indictment on February 8, 2022, charging Boyd with conspiracy to distribute 500 grams or more of a controlled substance (methamphetamine) in violation of 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(A) and two counts of Prohibited Person in Possession of Firearm and Ammunition in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Docket 14. In this same

1

indictment, the Government charged Alexandria Warner with one count of Conspiracy to Distribute a Controlled Substance in violation of 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(A). *Id.* Warner entered an initial appearance on February 16, 2022. Docket 20. Because of Warner's initial appearance, on February 17, 2023, the court entered an amended scheduling and case management order, setting a trial date of April 26, 2022, for both defendants. Docket 26.

On March 23, 2022, Boyd filed a motion for new CJA counsel. Docket 34. On March 25, 2022, Magistrate Judge Wollmann held a hearing and denied Boyd's motion for new counsel. Dockets 35, 38.

On March 25, 2022, Boyd's codefendant, Warner,[1] moved for a ninety-day continuance "to allow the parties to complete its investigation and prepare its defense." Docket 36. Boyd objected to Warner's motion. Docket 39. On April 5, 2022, the court granted the continuance motion and set the trial to commence on July 19, 2022. Docket 44. In this order, the court found that the "ends of justice served by continuing this trial outweigh[ed] the best interests of the public and the defendants in a speedy trial." *Id.* The court did not elaborate. *Id.*

On July 9, 2022, Boyd filed a motion for a 120-day continuance. Docket 71. The motion states "Defendant Boyd and his undersigned attorney discussed the needs for continuing the current trial date and all related

---

[1] Warner pleaded guilty on June 17, 2022, and was sentenced on September 13, 2022. Dockets 61, 100.

scheduling deadlines. Defendant Boyd is not willing to waive his speedy trial right and he objects to the undersigned filing this continuance request." *Id.* at 3. On July 13, 2022, the court granted Boyd's motion, finding that "the ends of justice served by continuing this trial outweigh the best interests of the public and the defendant in a speedy trial insofar as defense counsel has made known to the court that additional time is needed to review voluminous discovery, to obtain an investigator and for plea negotiations." Docket 73. The court set the trial to start on November 29, 2022. *Id.*

On November 7, 2022, Boyd filed a motion to suppress evidence and dismiss his indictment. Dockets 104, 105. That same day, on November 7, 2022, the court entered an order stating "[b]ased on the ends of justice and 18 U.S.C. § 3161(h)(7), the deadlines and trial date are canceled pending resolution of 105 Motion to Suppress and 104 Motion to Dismiss." Docket 106. After holding an evidentiary hearing and considering multiple rounds of briefings by the parties, Magistrate Judge Wollmann issued a report and recommendation denying Boyd's motion to suppress and to dismiss his indictment on June 2, 2023. *See* Dockets 107, 121, 132, 134, 141, 152, 155. The district court adopted the report and recommendation on August 24, 2023. Docket 159.

On August 24, 203, the case was reassigned to Judge Schreier. Docket 160. On September 8, 2023, the court set the case for a jury trial to commence on October 16, 2023. Docket 161. On September 14, 2023, Boyd moved to

3

continue the trial date due to the parties being "engaged in continuous plea negotiations." Docket 162.

On September 21, 2023, Boyd filed the instant motion. Docket 163. On September 22, 2023, Boyd filed a motion to withdraw his motion to continue at Docket 162, stating Boyd "does not consent to [a] continuance. Upon further discussion with client, both Defendant and counsel are prepared to proceed to trial." Docket 165. On September 22, 2023, the United States filed a motion for a continuance. Docket 166. The court granted Boyd's motion to continue (Docket 162), denied Boyd's motion to withdraw (Docket 165), and granted in part and denied in part the United States' motion to continue (Docket 166). Docket 167. The jury trial is set for October 31, 2023. *Id.*

## DISCUSSION

### I. Speedy Trial Act

"Under the Speedy Trial Act, a defendant must be brought to trial within 70 days of his indictment or first appearance, whichever is later." *United States v. Mallett*, 751 F.3d 907, 910-11 (8th Cir. 2014) (quoting *United States v. Suarez-Perez*, 484 F.3d 537, 540 (8th Cir. 2007)); *see also* 18 U.S.C. § 3161(c)(1). The addition of a newly indicted co-defendant resets an original defendant's speedy trial clock. *See United States v. Flores-Lagonas*, 993 F.3d 550, 566 (8th Cir. 2021). The Eighth Circuit explained:

> Pursuant to § 3161(h)(7), when a newly indicted . . . defendant is joined with a defendant whose speedy trial clock has already started running, the latter defendant's speedy trial clock will be reset so that it reflects the speedy trial clock of the newly added codefendant. Thereafter, all of the defendants are subject to one controlling

4

> speedy trial clock and any time periods excluded from the speedy trial calculations for one defendant will be applicable to the other defendants.

*Id.* (quoting *United States v. Lightfoot*, 483 F.3d 876, 885–86 (8th Cir. 2007)).

When conducting a defendant's speedy trial calculation, the court excludes certain days from the calculation. *United States v. Aldaco*, 477 F.3d 1008, 1016 (8th Cir. 2007); 18 U.S.C. § 3161(h). Under 18 U.S.C. § 3161(h)(1)(D), delay from "any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion…" is not considered in calculating speedy trial. *See also United States v. Williams*, 557 F.3d 943, 952 (8th Cir. 2009) ("[E]very motion filed by a defendant, whether or not it is frivolous and whether or not he is represented at the time of filing, tolls the speedy trial clock."). This rule also extends to any motions filed by a codefendant. *See United States v. Fuller*, 942 F.2d 454, 457 (8th Cir. 1991) ("Motions filed by one defendant in a multi-defendant case count as motions filed by all of the defendants, and the reasonable time taken to determine those motions will count as excludable time for all defendants."); *see also United States v. Shepard*, 462 F.3d 847, 864 (8th Cir. 2006).

> Section 3161(h)(7)(A) of the Speedy Trial Act also excludes
>
> [a]ny period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

18 U.S.C. § 3161(h)(7)(A). This section further provides:

> No such period of delay resulting from a continuance granted by the court in accordance with this paragraph shall be excludable under this subsection unless the court sets forth, in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial.

*Id.* Further, "any time periods excluded from the speedy trial calculations for one defendant will be applicable to the other defendants." *Lightfoot*, 483 F.3d at 886; 18 U.S.C. § 3161(h)(6).

"After these days are excluded, if the total number of nonexcludable days exceeds seventy, then the district court must dismiss the indictment upon the defendant's motion." *Aldaco*, 477 F.3d at 1016-17 (citations omitted). "The defendant has the burden of proof to support the motion, with the exception of the exclusion of time under 18 U.S.C. § 3161(h)(3) concerning the unavailability of the defendant or an essential witness." *Id.* at 1017 (citing 18 U.S.C. § 3162(a)(2)).

The court first turns to when Boyd's speedy trial clock began ticking. On February 2, 2023, Boyd made his first appearance on the Government's complaint. Docket 6. On February 8, 2023, the Government filed an indictment against Boyd and Warner. Docket 14. According to Boyd, his clock started on February 8, 2022, because that is the later date of his indictment or first appearance. *See* Docket 164 at 2. But Boyd's co-defendant, Warner, was indicted on February 8, 2022, and made her (Warner's) first appearance on February 16, 2022. Dockets 14, 20. Thus, because Warner's speedy trial clock began on February 16, 2022, Boyd's speedy trial clock was reset on February

6

16, 2022. *See* 18 U.S.C. § 3161(h)(7); *Flores-Lagonas*, 993 F.3d at 566. The court rejects Boyd's first argument.

Between February 17, 2022, and March 22, 2022, inclusive, no excludable events occurred and thus thirty-four days accrued on Boyd's speedy trial clock. On March 23, 2022, Boyd filed a motion for new CJA counsel (Docket 34), tolling the speedy trial clock.[2] *See* 18 U.S.C. § 3161(h)(1)(D); *Williams*, 557 F.3d at 951-52. Two days later, on March 25, 2022, Magistrate Judge Wollmann held a hearing and denied Boyd's motion. Dockets 35, 38. On that same day, March 25, 2022, Warner filed a motion to continue the trial date for ninety days. Dockets 36, 37. This motion continued to toll the speedy trial clock, because no dates had elapsed since the resolution of Boyd's motion for new counsel and motion to continue. *See* 18 U.S.C. § 3161(h)(7)(A).

On April 5, 2022, the court granted the continuance, finding that the ends of justice served by continuing this trial outweighed the best interests of the public and the defendants in a speedy trial. Docket 44. This order does not specify the reasons for finding the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendants in a speedy trial, as is required under 18 U.S.C. § 3161(h)(7)(A). *See United States v. Johnson*, 990 F.3d 661, 667 (8th Cir. 2021). But looking at Warner's continuance motion, it is apparent that the court allowed the parties additional

---

[2] Under Federal Rule of Criminal Procedure 45(a)(1)(A) the day of the event that triggers the period is excluded. Furthermore, the day a motion is filed is "excludable delay." *United States v. Moses*, 15 F.3d 774, 777 (8th Cir. 1994).

7

time to complete their investigation and prepare their defense. Docket 36. Thus, the court finds that the ends of justice served by continuing the trial until July 19, 2022 outweighed the best interest of the public and the defendants in a speedy trial because the parties needed additional time to investigate and prepare their defense. *See Zedner v. United States*, 547 U.S. 489, 507 (2006) (requiring only that the required specific ends of justice reasons be put "on the record by the time a district court rules on a defendant's motion to dismiss under § 3162(a)(2)."); *United States v. Adejumo*, 772 F.3d 513, 522 (8th Cir. 2014) ("[W]e have previously held that the district court is not required to make a contemporaneous record of its ends-of-justice findings."). Because this continuance resulted in a trial date of July 19, 2022, the speedy trial clock was tolled until July 19, 2022. *See* 18 U.S.C. § 3161(h)(7)(A).

On April 5, 2022, the Government filed a motion for a trial date certain, stating that the attorneys' schedules did not allow for a trial to be held on July 19, 2022, and Warner joined in this motion on April 28, 2022. *See* Dockets 45, 46. After talking with the parties, the court granted both motions on May 25, 2022, finding "that the ends of justice served by continuing the trial outweigh[] the best interests of the public and the defendants in a speedy trial." Docket 47. The court did not explicitly state its reasoning for making the finding at that time, but the court now finds that the ends of justice served by continuing the trial outweighed the best interests of the public and defendants because both the Government's attorneys and Warner's counsel were unavailable for a

8

July 19, 2022 trial date. *See* Dockets 45, 46. The court's May 25, 2022, order continued the trial date until August 2, 2022. Docket 47.

On July 9, 2022,[3] Boyd filed a motion for a 120-day continuance. Docket 71. On July 13, 2022, the court granted Boyd's continuance motion because the court found that the ends of justice served by continuing the trial outweighed the best interest of the public and defendant in a speedy trial because defense counsel needed additional time to review discovery and obtain an investigator. *See* Docket 73. Additionally, the court wished to give the parties additional time for plea negotiations. *Id.* Thus, the court continued the trial until November 29, 2022. *Id.* This continuance tolled his speedy trial clock until November 29, 2022. *See* 18 U.S.C. § 3161(h)(7)(A).

On November 7, 2022,[4] Boyd filed a motion to dismiss the indictment and a motion to suppress evidence. *See* Dockets 104, 105. That same day, the

---

[3] Between May 25, 2022 and July 9, 2022, Boyd and the Government filed a variety of motions, all independently triggering a tolling of Boyd's speedy trial clock for various amounts of days. *See, e.g.,* Dockets 40, 43, 48, 56, 67; 18 U.S.C. § 3161(h)(1)(D). None of these motions, however, impact the end result under the Speedy Trial Act and thus the court need not discuss the specifics.

[4] Between July 9, 2022, and November 7, 2022, Boyd filed a variety of motions, all independently triggering a tolling of Boyd's speedy trial clock for various amounts of days. *See, e.g.,* Dockets 76-78, 102; 18 U.S.C. § 3161(h)(1)(D). None of these motions, however, impact the end result under the Speedy Trial Act and thus the court need not discuss the specifics. Additionally, the court appears to have sua sponte issued a new scheduling order on September 30, 2022, without having clearly listed a reason for doing so other than noting that it communicated with the parties. *See* Docket 101. This September 30, 2022 scheduling order does not affect the analysis and thus the court need not consider it.

court ordered an open-ended and sua sponte continuance because it found that the ends of justice served by continuing the trial outweighed the best interest of the public and the defendant in a speedy trial to allow for the defendants' pending motions to be resolved. *See* Docket 106. *See also United States v. Twitty*, 107 F.3d 1482, 1489 (11th Cir. 1997) ("An open-ended continuance may be granted to serve the ends of justice."); *United States v. Wilson*, 216 F. Supp. 3d 566, 580 (E.D. Pa. 2016) ("The ['ends of justice'] continuance can be open-ended, rather than for a specific period of time, but it must be . . . granted prior to the days being excluded."); *United States v. Santiago-Becerril*, 130 F.3d 11, 18 (1st Cir. 1997) ("Open-ended continuances are not prohibited per se.").

Some courts permitting open-ended continuances require the durations to be "reasonable." *See, e.g., United States v. Clark*, 717 F.3d 790, 823 (10th Cir. 2013). In the Eleventh Circuit, however, "[i]f the trial court determines that the 'ends of justice' require the grant of a continuance, and makes the required findings, *any* period of delay is excludable under [the Act.]" *Twitty*, 107 F.3d at 1489 (emphasis in original); *United States v. Hill*, 487 Fed. Appx. 560, 562 (11th Cir. 2012) (citing this holding from *Twitty*). The text of the statute mirrors the Eleventh Circuit's reasoning, providing for the exclusion of "[a]ny period of delay resulting from a continuance granted by any judge on his own motion . . . if the judge granted such continuance on the basis of his findings that the ends of justice" are served. 18 U.S.C. § 3161(h)(7)(A).

10

Here, the court adequately stated in its November 7, 2022, continuance order why it found that the ends of justice outweighed the interests of the public and defendant in a speedy trial because it found it necessary to allow for the defendant's pending motions to be resolved. Docket 106. The fact that months lapsed between the filing of Boyd's motions and entry of the court's order does not change the analysis under the Speedy Trial Act. *See Twitty*, 107 F.3d at 1489 ("If the trial court determines that the 'ends of justice' require the grant of a continuance, and makes the required findings, *any* period of delay is excludable under [the Speedy Trial Act.]") (emphasis in original). Even if the Speedy Trial Act requires the open-ended continuance to be reasonable in duration, the court concludes the resulting exclusion of days is reasonable based on the findings above. *See United States v. Green*, 516 Fed. Appx. 113, 122-23 (3d Cir. 2013) (permitting a 16-month open-ended continuance). Thus, the November 7, 2023 open-ended continuance order started a period of excludable time under the Speedy Trial Act. *See Twitty*, 107 F.3d at 1489.

In addition to challenging the court's calculated start date, Boyd also argues that some of the time spent resolving Boyd's motion to dismiss the indictment and suppress evidence (Dockets 104 and 105) must be added to his speedy trial clock. *See* Docket 164 at 3. In support, Boyd cites 18 U.S.C. § 3161(h)(1)(H).[5] *See id.* 18 U.S.C. § 3161(h)(1)(H) provides that any "delay

---

[5] Boyd actually cites 18 U.S.C. § 3162(h)(1)(H), but this is not a valid statute. The court construes Boyd's argument as referring to 18 U.S.C. § 3161(h)(1)(H) instead. 18 U.S.C. §3161(h)(1)(H) provides that any "delay reasonably attributable to any period, not to exceed thirty days, during which any

reasonably attributable to any period, not to exceed thirty days, during which any proceeding concerning the defendant is actually under advisement by the court" shall be excluded in computing the time within which the trial of any such offense must commence. Boyd then highlights that his objections to the Report and Recommendation were pending from June 17, 2023 until August 24, 2023. *See id.* Thus, according to Boyd, the court must add thirty-nine days (after excluding thirty) to his speedy trial clock. *Id.*

      Boyd's reliance on 18 U.S.C. § 3161(h)(1)(H) is misplaced. "The only time subsection H comes into play is when the speedy trial clock is running." *United States v. Massat*, 2016 WL 4098566, at *3 (D.S.D. July 28, 2016). But as discussed above, the entire period of time between November 7, 2022 and August 24, 2023 was tolled because of the court's sua sponte open-ended continuance order on November 7, 2022. *See* Docket 106. The court's resolution of Boyd's objections to Magistrate Judge Wollmann's report and recommendation "were filed during a period the speedy trial clock was stopped." *Massat*, 2016 WL 4098566, at *3. Thus, 18 U.S.C. § 3161(h)(1)(H) is inapplicable. The entire time between November 7, 2022 and August 2023 was tolled, and none of the days between that period count towards Boyd's speedy trial clock.

---

proceeding concerning the defendant is actually under advisement by the court" shall be excluded in computing the time within which the trial of any such offense must commence.

On August 24, 2023, the court adopted Magistrate Judge Wollmann's report and recommendation on Boyd's pending motions. *See* Docket 159. The speedy trial clock began running on August 25, 2023. Between August 25, 2023 until September 13, 2023, inclusive, no excludable events occurred and thus twenty additional days accrued on Boyd's speedy trial clock.

On September 14, 2023, Boyd moved for a continuance, tolling the speedy trial clock. *See* Docket 162; 18 U.S.C. § 3161(h)(1)(D). On September 21, 2023, Boyd filed the instant motion to dismiss for violation of speedy trial. Docket 163. On September 22, 2022, Boyd moved to withdraw his September 14, 2023 continuance motion. Docket 165. That same day, the Government moved to continue the trial. Docket 166. The court granted Boyd's motion to continue, denied Boyd's motion to withdraw, and granted in part and denied in part the Government's continuance motion. *See* Docket 167. In doing so, the court found "that the ends of justice served by continuing the trial for two weeks outweighs the best interest of the public and the defendant in a speedy trial because it allows the parties more time to be prepared for trial. *See* 18 U.S.C. § 3161(h)(7)(A)." *Id.* The order set trial to commence on October 31, 2023, meaning the speedy trial clock is tolled until then. *See id.*

In summary, the total number of non-excluded days on Boyd's speedy trial clock is fifty-four days: thirty-four days (between February 17, 2022 and March 22, 2022, inclusive) and twenty-days (between August 25, 2023 and September 13, 2023, inclusive). Thus, Boyd has failed to meet his burden to prove a speedy trial violation under the Speedy Trial Act. *Adejumo*, 772 F.3d at

13

521. The court denies his motion to dismiss based on his Speedy Trial Right claim.

## II. Sixth Amendment Right to a Speedy Trial

Boyd does not raise a Sixth Amendment challenge and instead only argues that his Speedy Trial Act rights were violated. *See* Dockets 163-64. Absent an extraordinary and obvious violation, the court will not consider an independent Sixth Amendment argument without the benefit of the parties' briefings. *See Johnson*, 990 F.3d at 666-71 (analyzing a Speedy Trial Act and Sixth Amendment argument separately). Furthermore, "[i]t would be unusual to find the Sixth Amendment has been violated when the Speedy Trial Act has not." *United States v. Titlbach*, 339 F.3d 692, 699 (8th Cir. 2003). The court declines to address whether the defendant's Sixth Amendment right was violated.

## CONCLUSION

Based on the above analysis, it is hereby

ORDERED that Boyd's motion to dismiss (Docket 163) is denied. Trial remains scheduled for October 31, 2023.

Dated October 10, 2023.

        BY THE COURT:

        */s/ Karen E. Schreier*
        KAREN E. SCHREIER
        UNITED STATES DISTRICT JUDGE